*J. T. Dye* and *A. C. Harris*, for appellant.

*J. S. Harvey*, for appellee.

--- * ---

CARSON *v.* THE STATE, for the use of the Town of HANOVER.

PUBLIC SCHOOLS.—PROPERTY.—Under the constitution and laws of this State, school property is held in trust for school purposes by the persons or corporations authorized for the time being to control the same, and it is within the power of the legislature at any time to change the trustee.

SAME.—INCORPORATED TOWNS.—Where a town is incorporated within the limits of a school township, a school house situated within the limits of the town passes under the control of the school trustees of the town.

APPEAL from the *Jefferson* Circuit Court.

GREGORY, J.—The appellee filed a complaint against *Carson*, trustee of *Hanover* township, averring that the town of *Hanover* was an incorporated town, situated in said township; that *Blythe, Garrat* and *Patton* were the school trustees of the town; that they had made an enumeration of the children of the town, and of persons residing out of it, but desiring to send their children to the public schools of the town, for the year 1865, as required by law, and had been awarded the public school moneys for said year, belonging to the town; that formerly the town of *Hanover* was not an incorporated town, and being situated in *Hanover* township, the public school of the town had been under the care and management of the township trustee,.

and had been district school No. 6 of the township; that about the year 1850, one *Dunn,* a resident and the ·founder of the town of *Hanover,* donated to the town a lot, on which to erect a public school house for the use of the town and neighborhood; that a brick school house had been afterwards, about the year 1853, erected thereon, of the value of four or five hundred dollars; that said school house had been erected partly by the contributions of the citizens of the town, and partly, to the extent of about $200, by an appropriation of the school funds of the township, raised by a tax on the citizens thereof; that the schools kept therein had been sometimes private, supported by citizens of the town, and sometimes public, under the care and control of the township trustee; that *Dunn* died intestate, without having conveyed the lot to the town or township; that after his death, his heirs conveyed the lot to the township, by deed, a copy of which was made a part of the complaint; that the trustees of the town were desirous of having a public school taught in said house, under their control; that *Carson* was school trustee of the township, but not of the town, and ·claims that the school house belongs to the township, and that, as township trustee, he has the right to carry on a public school in the house, to employ teachers, and control the school and school funds, and that he has employed a teacher and is actually carrying on a public school in said house, and wholly excludes the trustees of the town from the house, and from all control of the school therein; that the lot on which the school house stands was a donation to be used in the town, for the purpose of carrying on a public school therein; that unless the trustees of the town are allowed to carry on a public school in said house, and to use the same for school purposes, the lot must revert to the heirs of the donor; that the course of *Carson* is wrongful and oppressive to the citizens of the town, depriving them of the benefit of the public school funds to which they are by law entitled, except on condition of their attaching themselves to the civil township school dis-

trict No. 6; that *Carson* requires the citizens of the town to attach themselves to said district to obtain any benefit of the school funds, or to be allowed to attend the school, which some had done; that *Carson* desires and was about to use, or had used, the school funds properly apportioned to such scholars; that there was no other public school house located in the town; that *Carson* denies the right of the trustees of the town in said property, and threatens to continue the use thereof as he was then using it; that the doings of *Carson* are wrongful, and will work an irreparable injury to the trustees and citizens of the town. Prayer for an injunction, for the possession of the school house, for damages, and for general relief. The complaint was sworn to.

The deed is in the ordinary form, with the exception that there is no consideration named. It conveys the lot in fee "to the *Hanover* school township of *Jefferson* county, *Indiana.*" The appellant demurred to the complaint, but the demurrer was overruled. This is the first error assigned.

The defendant then answered: 1. The general denial. 2. That about the year 1850, *Dunn* conveyed by warranty deed, in fee simple, the real estate in the complaint described, to the civil township of *Hanover*, in the county of *Jefferson*, and State of *Indiana*, for school purposes, and delivered the deed to the proper and duly elected trustees of the township; that the trustees neglected to have the deed recorded, and finally lost it; that afterwards, on the 5th of *November*, 1859, *Dunn* being dead, his heirs executed the warranty deed mentioned in the complaint, conveying the real estate to the civil township of *Hanover*, in fee simple, which deed had been duly recorded, and reference was made to the copy thereof filed with the complaint; that the last mentioned deed was executed to supply the place of the lost deed, in order to furnish evidence of title to the civil township; that at the time of the delivery of the lost deed, in 1850, the trustees of *Hanover* township took possession of the real estate, and had had uninterrupted and quiet possession

thereof ever since; that they built and constructed a school house thereon, for the use of the citizens of the township; that the same had always been used for the schools under the supervision of the trustees of the civil township; that the town of *Hanover* was incorporated in 1858, subsequent to the time when the civil township acquired title to the real estate, and subsequent to the time when the school house thereon was built; that said incorporated town is situated within the territorial limits of the civil township of *Hanover*, and that the real estate lies within the town; that the incorporated town did not contribute one cent towards the construction of the school house on said real estate, but that the same belongs to the township, absolutely; that defendant denies that he had drawn any portion of the school money allotted to the incorporated town, or that he had interfered with the same in any manner; that he was using the school house for the educational purposes for which it had been erected, on behalf of the citizens of the township who reside in school district No. 6, in which the real estate is situated; and that the trustees of the town had drawn from the treasury the money allotted to the town for school purposes.

The appellee demurred to the second paragraph of the answer, which demurrer was sustained by the court below, and this is assigned for error.

The main question involved in the case at bar is, did the town of *Hanover*, when it became incorporated under the general law, succeed to the rights of the civil township in which it is situated, in the management and control of the public schools within it territorial limits?

By the act of *March* 5, 1855, it is provided that "incorporated towns and cities shall constitute school corporations, independent of the townships in which they may be situated, and shall be entitled to the proportional amount of school funds to which the number of children between the ages prescribed by law will entitle them, and shall, by trustees elected by the people, or by officers appointed by the

corporation, perform all the duties required of township trustees, and exercise all the powers vested in such trustees, prepare and file with the county auditor all the reports required, and be subject to all the liabilities, of such trustees. They shall have power to establish graded schools, and generally to do and perform all other acts which by this act are authorized to be done and performed by township trustees: *Provided, however,* That in case any school district within the limits of such city or town shall have heretofore contracted debts for school purposes, such city or town shall make provision for the payment thereof." 1 G. & H., § 21, p. 546.

By the law in force when the title to the lot in question was acquired, school districts were corporations for school purposes, and had the control and management of school property within their respective bounds. R. S. 1843, § 41, p. 310; § 60, cl. 6, p. 313. And it was not until the act of *June* 14, 1852, came in force, that civil townships were made corporations for school purposes. 1 R. S. 1852, § 4, p. 440.

Under the constitution and laws of this State, school property is held in trust for school purposes by the persons or corporations authorized for the time being by statute to control the same. It is in the power of the legislature, at any time, to change the trustee.

We think the facts averred in the complaint, as well as in the second paragraph of the answer, show that the property in question was held in trust for school purposes, and that by the law of *March* 5, 1855, *supra,* the town of *Hanover,* when it became incorporated, succeeded to the trusteeship. The court below committed no error in overruling the demurrer to the complaint, nor in sustaining the demurrer to the second paragraph of the answer.

The judgment is affirmed, with costs.

*H. W. Harrington* and *C. A. Korbly,* for appellant.

*C. E. Walker* and *A. D. Matthews,* for appellee.