THOMPSON *v.* THE CITY OF PERU.

CITIES.—SUBSCRIPTIONS TO RAILROADS.—Under section 60 of the act for the incorporation of cities, of *March* 14, 1867, express authority is given to subscribe to the stock of railroads running into or through the city, and to borrow money to pay such subscriptions.

SAME.—As the issuing and sale of bonds is the usual method adopted by corporations to borrow money, cities may exercise the power thus given to borrow by issuing and selling bonds.

SAME.—STATUTE CONSTRUED.—The proviso in section 60 relates to donations by cities to railroads, and not to subscriptions of stock.

SAME.—A petition of a majority of the resident freeholders of a city is necessary to authorize a donation to a railroad, but is not necessary to authorize a subscription of stock.

SAME.—Section 60, *supra,* is constitutional.

APPEAL from the *Miami* Circuit Court.

GREGORY, C. J.—This was a proceeding by *Thompson,* a tax payer, against the city of *Peru,* incorporated under the general law, to enjoin the latter from issuing bonds for the purpose of raising means with which to pay a subscription of $50,000 to the capital stock of the " *Goshen, Kosciusko, and Peru Railroad Company.*" The court below refused the injunction, and sustained a demurrer to the complaint.

Two questions are presented: 1. Does the 60th section of the act of *March* 14, 1867, for the incorporation of cities, (Acts 1867, p. 62,) authorize the appellee to subscribe the stock, and issue its bonds to pay therefor? 2. If so, is that section, so far as it grants such power, constitutional?

The section provides that " any incorporated city, under this act, shall have power to borrow money, to subscribe to the stock of any railroad running into or through such city; to make donations in money, or the bonds of such city, to aid in the construction of such roads, only on petition of a majority of the resident freeholders thereof."

It is claimed that no authority is given to issue bonds to pay for a subscription of stock, but only for donations to

aid in the construction of such roads.   There is an express
authority given to subscribe for the stock, and to borrow
money to pay therefor.   Corporations, along with the express
and substantive powers conferred by their charters, take by
implication all the reasonable modes of executing such pow-
ers which a natural person may adopt in the exercise of
similar powers.   *New England Fire and Marine Insurance
Co.* v. *Robinson*, 25 Ind. 536.   The issuing and sale of bonds
in the market is the most usual and ordinary method
adopted by corporations to borrow money.

The proviso in the section relates to donations, and has
no bearing on subscriptions of stock.   A subscription of
stock by an incorporated city, under this section, imposes the
same obligation to pay the amount thereof as rests upon
other shareholders.   There is a substantial reason for the
difference between a subscription of stock and a donation;
in the former case, the city becomes a stockholder, with the
right to vote in the selection of officers to control and man-
age such railroad company; in the latter case, the city has
no interest in the capital stock, and no voice in the conduct
of the enterprise.   Taking the whole section together, it is
clear that there is a well defined distinction made between
subscriptions of stock and donations, as to the time of pay-
ment.

It is claimed that this section is in violation of sec-
tions 1, 21, 24, and 25 of the bill of rights.   The power
of cities to subscribe for stock in railway companies under-
went investigation in this court in *The City of Aurora
v. West et al.*, 9 Ind. 74, in which it was held that a
city chartered under the old constitution could subscribe
for such stock when the act of incorporation conferred
such power.   There is nothing in the 1st, 21st, and 24th
sections of the bill of rights that was not in the old
constitution.   The 25th section of the bill of rights pro-
vides that " no law shall be passed, the taking effect of
which shall be made to depend upon any authority except
as provided in this constitution."   The right of petition, as

a condition precedent to the exercise of this power by the common council, if it existed as to subscriptions of ·stock, would not render this section void under this provision. The law is in force. The petition is only necessary to call into action the power conferred on cities. But the power is conferred to subscribe for stock without petition. A donation can only be made to aid in the construction of such roads on petition of a majority of the resident freeholders.

It is claimed that this section is unconstitutional under the provisions of sections nineteen, twenty-two and twenty-three of article four. The title of the act is, "an act to repeal all general laws now in force for the incorporation of cities, and to provide for the ·incorporation of cities, prescribing their powers and rights, and the manner in which they shall exercise the same, and to regulate such other matters as properly pertain thereto." The subject is the incorporation of cities, and the power conferred to subscribe for stock in railroad·companies is a matter properly connected therewith.

The section of the act in question is general, and not local or special within the meaning of sections twenty-three and twenty-four of article four, *supra.* The power is conferred on all cities.

It is insisted that this section is within the prohibition contained in sections four and five of article ten of the constitution. The former section prohibits the State from contracting a debt to aid in the work of internal improvement; and the latter prohibits counties from subscribing for stock in any incorporated company, unless the same be paid for at the time of such subscription. It is argued that a city is an integral portion of a county, and is included in the inhibition. The question was well considered in *The City of Aurora* v. *West, supra,* and we could add nothing to the force of the argument of the learned judge who delivered the opinion of the court in that case. Taking the history of the legislation on this subject, as it existed under the old constitution, in connection with the provisions of the new, ·

it is clear to our minds that the convention did not intend to interfere with this power in cities, any further than to prohibit the State from assuming the debts of such cities.

The judgment is affirmed, with costs.

FRAZER, J., did not sit in this case.

L. Walker and A. Blake, for appellant.

J. M. Wilson, N. O. Ross and R. P. Effinger, for appellee.