## SCHOOL CITY OF MARION *v.* FORREST ET AL.

[No. 20,732.   Filed June 6, 1906.   Rehearing denied February 5, 1907.]

1. CONSTITUTIONAL LAW.—*Taxation.*—*Delegation of Power of.*— The power of taxation is possessed solely by the legislature, but it may be delegated by the legislature to municipal corporations for local purposes.   p. 96.

2. SAME.—*Taxation.*—*Public Libraries.*—Under §1, article 8, of the Constitution, providing for a system of general education and common schools, the power of taxation may be conferred upon the local authorities for the purpose of establishing and maintaining public libraries.   p. 97.

School City of Marion *v.* Forrest—168 Ind. 94.

3. CONSTITUTIONAL LAW. — *Statutes.—Taxation.—Public Libraries.*—The act of 1903 (Acts 1903, p. 193, §§4983h-4983s Burns 1905), providing for the maintenance and management of public libraries in certain cities, and requiring the officers' thereof to levy taxes therefor, is valid, being a part of the educational system of the State. p. 97.

4. SAME.—*Statutes.—Acquiescence.*—Long acquiescence without any objection to a statute may be considered in favor of the constitutionality thereof. p. 97.

5. SAME.—*Taxation.—Delegation of Power of, to Department of City.*—Under §1, article 8, of the Constitution, providing for the establishment of a general system of education and common schools, the legislature may delegate the full portion of a city's taxing power therefor, to a department within such city, such matter being largely discretionary with the legislature. p. 98.

6. SAME. — *Statutes.—Public Libraries.—Corporations.—Special Act.*—The act of 1903 (Acts 1903, p. 193, §§4983h-4983s Burns 1905), providing for the maintenance and control of public libraries in certain cities, is not in conflict with §13, article 11, of the Constitution, providing that corporations, other than banking, shall not be created by special act, since such act merely regulates the existing powers of such cities. p. 98.

7. SAME. — *Municipal Corporations. — Library Boards.*—The library board, created by the act of 1903 (Acts 1903, p. 193, §§4983h-4983s Burns 1905), is not a corporation within the meaning of §13, article 11, of the Constitution, providing for the creation of corporations. p. 99.

8. SAME. — *Libraries. — Schools.—Statutes.—General.—Local.— Legislative Question.*—The act of 1903 (Acts 1903, p. 193, §§4983h-4983s Burns 1905), providing for the control and maintenance of public libraries in certain cities, is not governed by §1, article 8, of the Constitution, providing for a uniform system of common schools, but is governed by §23, article 4, providing that laws shall be made general where they can be made applicable, the question whether they can be made general being for the legislature. p. 99.

9. SAME.—*Statutes.—Taking Effect.*—The act of 1903 (Acts 1903, p. 193, §2, §4983i Burns 1905), providing that on the filing of a certain petition, the city councils may appoint library boards to take charge of their public libraries, does not conflict with §25, article 1, of the Constitution, providing that laws shall not be passed, the taking effect of which depend upon any authority except as provided in the Constitution. p. 99.

10. CONSTITUTIONAL LAW.—*Statutes.*—*Special Privileges.*—*Equal Protection.*—The act of 1903 (Acts 1903, p. 193, §§4983h-4983s Burns 1905), providing for the maintenance of public libraries in certain cities, does not conflict with §23, article 1, of the Constitution, providing for equal privileges and equal protection by the law.  p. 100.

11. SAME.—*Contracts.*—*Impairing Obligation of.*—*Police Power.* —*Municipal Corporations.*—The act of 1903 (Acts 1903, p. 193, §§4983h-4983s Burns 1905), providing for the maintenance of public libraries in certain cities, being in the exercise of the police power of the State over its municipal corporations, is not in violation of §10, article 1, of the federal Constitution, prohibiting the passage of a law, by a state, which impairs the obligation of a contract, though it violates an "understanding" of the complaining city.  p. 100.

12. MUNICIPAL CORPORATIONS. — *Trustees.* — *Change of.* — The legislature may at any time change the trustee of any property or delegated power belonging to a municipal corporation.  p. 100.

From Madison Circuit Court; *John F. McClure*, Judge.

Suit by the School City of Marion against John H. Forrest and others.  From a decree for defendants, plaintiff appeals.  *Affirmed.*

*Carroll & Dean* and *Marshall & Condo*, for appellant.

*Kittinger & Diven, Manley & Stricler* and *Brownlee & Browne*, for appellees.

GILLETT, J.—This case involves the validity of an act of the General Assembly approved March 7, 1903 (Acts 1903, p. 193, §§4983h-4983s Burns 1905), relative to the creation of library boards in cities of a certain population.  Otherwise stated, the controversy is between the school city of Marion, on the one hand, and the appellees, who claim as members of the library board of the civil city, appointed under the provisions of said act.

It is contended by counsel for appellant that the enactment is unconstitutional for a number of reasons.  Their leading contention is that it involves an unlawful delegation of the power of taxation, in that it authorizes the appointees of the common council to exercise such authority.  We recognize the validity of the proposi-

tion that the power to tax falls, by implication, within the grant of legislative authority, and that, in the main, there can be no delegation of that authority except to the extent that our form of government, in which local powers have been decentralized, makes it necessary that taxes should be levied, under legislative authority, by the various municipal bodies within the State, for the purpose of carrying out the ends for which such municipalities are organized, but we are not prepared to admit, in view of the provisions of §1, article 8, of the Constitution, that the act in question involves an improper delegation of the authority to levy taxes. That article provides: "Knowledge and learning, generally diffused throughout a community, being essential to the preservation of a free government, it shall be the duty of the General Assembly to encourage, by all suitable means, moral, intellectual, scientific, and agricultural improvement, and to provide, by law, for a general and uniform system of common schools, wherein tuition shall be without charge, and equally open to all." It may, with propriety, be said that a law providing for the organization and maintenance of public libraries is a part of the educational system of the State, and that boards organized under the provisions of said act exercise the whole power of the municipality in respect to public libraries. It is to be remembered that the trustees of a school city are appointed in the same manner as are trustees of library boards appointed under the provisions of said act, and no objection could be urged against the authority of a library board so appointed to levy taxes, pursuant to legislative authority, which might not be urged with equal force against the levy of taxes by school boards. Our statutes contain many provisions authorizing school boards to levy taxes for certain purposes, some of which have been upon the statute books for nearly half a century. No question has been raised concerning their validity, aside from the question

as to the power to tax for tuition purposes, but, on the contrary, the validity of such statutes has been recognized by this court and acquiesced in by the people of the State. *Robinson* v. *Schenck* (1885), 102 Ind. 307; *Shepardson* v. *Gillette* (1892), 133 Ind. 125. As against a mere implication that the power to tax cannot be delegated except to the representatives of the municipal authority, we are not prepared to say that the provision of §1, article 8, *supra,* concerning the encouragement of intellectual improvement, "by all suitable means," does not so far make the legislature the master of its own discretion in that respect as to authorize the delegation of such authority to a department within the municipality which is invested with all the power concerning the particular subject-matter that the law permits to be exercised. *Robinson* v. *Schenck, supra.* In the case last cited this court, after quoting §1, article 8, of the Constitution, said on page 318: "This provision imperatively enjoins the general duty upon the legislature, but leaves to them much discretion as to the selection of means for the efficient performance of that duty." If a reasonable doubt exists in the mind of the court concerning the validity of a legislative enactment, that doubt must be resolved in favor of the statute, and we are not prepared to say, in view of the provision of the Constitution quoted, and the practical interpretation to which we have adverted, that the legislature has transcended its authority.

We are next required to consider whether said act violates §13, article 11, of the Constitution. That section is as follows: "Corporations, other than banking, shall not be created by special act, but may be formed under general laws." Assuming, without deciding, that the act in question is special in its character, we are of opinion, nevertheless, that it does not provide for the creation of a corporation. No franchise or authority which the city did not already possess was granted; there

was, at most, but a regulation of an existing right. It was said by this court in *Smith* v. *Indianapolis St. R. Co.* (1902), 158 Ind. 425, 435: " 'It is one thing to create a corporation, bring it into existence, and quite another, as an existing corporation, to regulate its conduct and relations as to other corporations and persons. It has been decided in many cases that, when a corporation has been created, a special act regulating it, without changing the organization of the corporate body, is not within the prohibition.' " We may also add in this connection that it does not appear to us that the board in question is

7. a corporation. As stated by a leading writer: "In the machinery of municipal government, the legislatures of states have frequently had occasion to create boards of officers for the performance of particular duties. These boards are not in general corporations, but are agents of the municipal corporation in the sense which makes the latter liable for their contracts and torts." 1 Thompson, Corporations, §21. See, also, *Appleton* v. *Water Comm., etc.* (1842), 2 Hill 432.

While the act in question represents an exercise of a power which has been specially granted to the legislature under §1, article 8, of the Constitution, in that the

8. enactment is an exercise of authority to promote the educational interests of the people, yet it is not a local or special law providing for the support of common schools, as contended by counsel for appellant. The enactment falls within §23, article 4, of the Constitution, under which the question as to whether a general law can be made applicable to the whole State is a question for the legislature. *Smith* v. *Indianapolis St. R. Co., supra,* and cases cited. The statute is not invalid by reason of the provision of section two thereof (Acts 1903, *supra*), which author-

9. izes the common council to appoint trustees upon the petition of at least one hundred citizens and taxpayers of the city. The law was in full force and effect

from and after the date fixed by the legislature, and it only awaited the circumstances therein provided for its execution or enforcement. *LaFayette, etc., R. Co.* v. *Geiger* (1870), 34 Ind. 185, 222; *Thompson* v. *City of Peru* (1868), 29 Ind. 305. It was said in the case last cited: "The right of petition, as a condition precedent to the exercise of this power by the common council, if it existed as to subscriptions of stock, would not render this section void under this provision. The law is in force. The petition is only necessary to call into action the power conferred on cities." It does not appear that said enactment grants any invidious privilege, or denies to any person the equal protection of the laws, or that it can be said to authorize the petitioners to levy taxes.

There is no sufficient pleading to show that any contract would be impaired by the change in the management of the public library of the city of Marion. It is clear that all mere "understandings" must give way before the exercise of the police power of the State in regulating the affairs of its municipal corporations. See *Swartz* v. *Board, etc.* (1902), 158 Ind. 141. So far as revealed, appellant corporation has no just ground of complaint. It exercised its authority over the public library of said city by virtue of law, and from the same authority there has now emanated a provision whereby the management of said library may be taken over by a board of trustees appointed by a majority vote of the members of the common council. As was said in *Carson* v. *State, ex rel.* (1867), 27 Ind. 465, 469: "It is in the power of the legislature at any time to change the trustee." See, also, *School Town of Leesburg* v. *Plain School Tp.* (1882), 86 Ind. 582, 586.

Judgment affirmed.