## LUND *v.* STATE OF INDIANA.

[No. 25,923.   Filed June 21, 1934.   Rehearing denied
November 19, 1934.]

*Joseph H. Controy* and *William J. McAleer*, for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Alvin C. Johnson,* Assistant Attorney-General, for the State.

FANSLER, J.—Appellant was indicted and convicted of filing a false claim under §2945, Burns 1926, §10-2101, Burns 1933, §2745, Baldwin's 1934. He has saved certain questions by exceptions and proper assignments, which will be discussed in the order of their presentation.

There was a motion to quash the indictment, which was overruled, and this action of the court is assigned as error.

The indictment charges, in substance, that Erick Lund, then and there being the trustee of North township, and then and there knowing the same to be false and fraudulent, did then and there unlawfully, feloniously, knowingly and designedly, and with the unlawful,

felonious and fraudulent intent to cheat and defraud North township, make out and present for payment, and certify as correct, a fraudulent claim for poor relief, pretended to be furnished by Erick Lund as such trustee. The claim, amounting to $13,552.79, is set out in the indictment, and it is headed "To Erick Lund Dr." The claim is sworn to by Erick Lund as trustee, and certified to be correct, and as part of the affidavit it is recited that the "county" has received the full value and the exact consideration therein named. Attached to and made a part of the claim is a list of the names of persons to whom relief was given, and the character of relief.

Appellant contends that, because he was described as trustee instead of overseer of the poor, and because the overseer of the poor is the agent of the county, the county, if anyone, was defrauded, and the indictment is bad. But these contentions cannot be sustained. Poor relief, except institutional relief, is cared for at the expense of the township and not of the county. §12258, Burns 1926 (§52-104, Burns 1933, §13361, Baldwin's 1934), provides that the county shall advance money to the township *trustees* for relief purposes. If anyone was defrauded it was the township, and, though the township trustee is *ex officio* overseer of the poor, by the statute referred to, the funds are advanced by the county to the township trustee. *Wayne Township* v. *Brown* (1933), 205 Ind. 437, 186 N. E. 841.

The claim filed was in favor of Erick Lund, the individual. It was certified to by Erick Lund as trustee. It was presented to the county commissioners for payment out of funds to be advanced upon the credit of the township for that purpose. It was alleged to be false and fraudulent, and to have been filed for the purpose

of procuring its allowance, and an order for the payment thereof out of the treasury.

The indictment clearly charges every material element involved in the statute. The motion to quash was properly overruled.

Appellant insists that the trial court was guilty of an abuse of discretion in denying his application for a change of venue from the county. He filed his affidavit for a change of venue founded upon excitement or prejudice against him in the county, and the affidavits of 186 others in support of his application. The state filed affidavits of 157 persons in opposition to appellant's application. Appellant set forth in his showing clippings from various newspapers, printed and published in Lake county, over a period of fourteen months, and alleged that these newspapers had a combined circulation of more than 38,000, and were delivered to all parts of Lake county; that practically every person who would be called as a juror had heard of and discussed the case, and that because of these newspaper reports and widespread publicity and discussion the minds of the jurors had been bitterly influenced against defendant and his cause of defense. The counter-affidavits filed by the State stated that the affiants had read the daily and weekly newspapers published in Lake county, and talked with citizens, and that in their opinion none of the citizens of Lake county were prejudiced against appellant on account thereof, and that they had heard no prejudice against appellant expressed by any one, or had they heard rumors prejudicial or detrimental to appellant. It appears from the newspaper articles that the State Board of Accounts had upon solicitation of certain citizens made an investigation of the poor relief situation in North township, and that there was indignation at the enormous sum expended for poor relief.

Appellant contends that the general statements contained in the counter-affidavits, involving the opinion of such affiants, do not obviate the specific statements and showing made by appellant, and are no refutation of the direct statements made in the affidavits in support of appellant's motion, and that hence the specific statements made by appellant in support of his affidavit show excitement and prejudice against defendant and his cause of defense. But in appellant's affidavit for a change of venue and in the affidavits supporting it, the affiants merely testify to their opinion that appellant cannot have a fair and impartial trial in the county. It is true facts are referred to, including the newspaper articles upon which the opinion is based, but it is also true that the counter-affidavits show a knowledge of the newspaper comments, and of the people of the county and their state of mind, regarding appellant and his cause of defense.

By these affidavits an issue of fact was presented to the trial court for decision, and it is well settled that the decision of the trial court upon such an issue will not be disturbed in the absence of an affirmative showing of an abuse of discretion. It does not appear that it was impossible to procure disinterested and unbiased jurors, nor that the newspaper comment or state of the public mind was any different than in any case where a defendant is charged with a crime which attracts the public interest. Appellant urges nothing as indicating an abuse of discretion except the affidavit for the change and the affidavits in support thereof, and urges that the matter alleged therein is positive evidence that appellant could not have a fair trial in the county, and that the counter-affidavits furnish no evidence at all to the contrary. With this we cannot agree for the reasons indicated above. We find nothing to indicate that the court abused its discretion in denying the change.

Certain orders for poor relief, in the form of medical or dental attention, bearing the signature of appellant made with a rubber stamp, were admitted in evidence. These exhibits were shown to have been found in appellant's files, and the persons for whom the relief was ordered were among those named in the claim which is the basis of the indictment. It was previously shown that no such persons could be found or located in the township. Appellant had certified to the correctness of the claim, which is the basis of the indictment. It is contended by appellant that since there was no evidence or proof of the execution of these exhibits by appellant, or that they were public documents, their identity, genuineness, or authorship has not been shown, and they were not admissible in evidence. But with this we cannot agree. They were found in appellant's files, which is some evidence of their genuineness and authorship, and they purport on their face to be public documents—orders for relief at the expense of the township. It is also urged that they do not correspond in amount with the claim alleged to be false as to the same person mentioned in the exhibits. This objection, however, goes to the weight of the evidence and not its competency, and of itself might have been sufficient to show that the claim of $93.00 for relief furnished Joe Collins was false and fraudulent, since the exhibit, if a proper and justifiable order, would only authorize an allowance for $24.00. Since the exhibits in question were in the files in appellant's office, and since they did not correspond in amount with the amount of the claim, they were entitled to admission in evidence, and to be considered by the jury upon the question of whether or not appellant had knowledge of the falseness of the claim filed, and intended to defraud the township.

Certain alleged claims filed for poor relief by appel-

lant, and not related to the claim which is the basis of the indictment, were admitted in evidence upon the theory that they were competent upon the question of intent and guilty knowledge on the part of appellant. Appellant contends that before evidence of other or similar offenses are admissible in evidence, it must be clearly established that all of the material elements, one of which is guilty knowledge and intent, have been proven. But in this appellant is in error. It having been shown that the claim filed was false, intent and guilty knowledge may be proven by evidence of other or similar offenses. The evidence was properly admitted.

An examiner appointed by the State Board of Accounts was permitted to testify, over the objection of appellant, to the total expenditure of the township for medical poor relief, for a period from January, 1927, to October, 1928, and to the part of such expenditures that were paid to Doctor Bell, who was the payee of one of the alleged false claims. It is not contended that the evidence is incompetent, because the records themselves were the best evidence, but it is contended that it is incompetent because it is not shown that all of the amounts involved were fraudulent, and that it covers periods other than those included in the claim which is the basis of the indictment. We believe the evidence was admissible on the question of intent or guilty knowledge. It tended to show the relationship between appellant and a doctor to whom many thousands of dollars had been paid for services to the poor, and who was involved in many of the items of the claim in question which were charged to have been fraudulent.

Appellant complains of instruction No. 9 given by the court, which is to the effect that the evidence tending

to show the commission of other acts by defendant, similar to those charged in the indictment, should not be considered unless the jury first finds as a fact, beyond a reasonable doubt, from the other evidence, that the defendant did make out and present for payment and certify as correct the claim for poor relief charged in the indictment, and that said claim was false, and that the jury being convinced of these facts, then, and then only, were they permitted to consider the evidence with reference to other similar acts for the purpose of determining guilty knowledge, motive, intent, or purpose. The instruction correctly stated the law.

By instruction No. 5 the court correctly stated the material elements of the crime charged. Appellant contends that the material element of knowledge of the falseness of the claim must appear in evidence before the jury could consider evidence of other similar transactions. But in this appellant is in error. If it is proven that the claim is false, knowledge of its falsity may be proven by circumstantial evidence; and evidence of other similar transactions, especially when it is shown that the defendant had knowledge of the falsity of the claim in the other transaction, may be a sufficient circumstance, standing alone, to convince the jury that he had guilty knowledge concerning the claim in question. What we have said disposes of appellant's contention as to his instruction No. 3, which was refused.

Appellant tendered instruction No. 4, which was to the effect that the evidence concerning other and similar transactions, which was admissible for the purpose of showing knowledge, must be proven beyond a reasonable doubt before it could be considered by the jury. The instruction was properly refused. It is only the ultimate material facts to which

the rule of reasonable doubt applies. The facts regarding the other transactions were simply evidentiary facts introduced for the purpose of being considered, together with all of the other evidence in the case, upon the question of criminal knowledge and intent; and though the jury may have entertained some reasonable doubt as to some of the other transactions, or some of the other items of evidence, which tend to prove guilty knowledge or intent, if, notwithstanding that fact, and having considered the evidentiary facts, doubtful and otherwise, they were convinced beyond a reasonable doubt of the ultimate fact of guilty knowledge and intent, it is sufficient.

Appellant contends that the verdict of the jury is contrary to law, and not sustained by sufficient evidence, upon one ground only. That is that appellant was overseer of the poor of North township, and as such was the agent of Lake county in dispensing poor relief, and that when he filed the claim it was for the purpose of procuring funds of Lake county, and that he was the agent of Lake county when filing said claim, and not the agent of North township. But, as suggested in our discussion of the motion to quash, as township trustee he was the agent of North township, and was the proper person to draw advancements of money from the county commissioners for the purposes of, and upon the credit of, North township.

We find no error. Judgment affirmed.