BELL *v*. STATE OF INDIANA.

[No. 26,296. Filed April 16, 1935. Rehearing denied June 10, 1935.]

*Joseph H. Conroy* and *William J. McAleer*, for appellant.

*Philip Lutz, Jr.*, Attorney-General, and *Alvin C. Johnson*, Assistant Attorney-General, for the appellee.

FANSLER, C. J.—Appellant was convicted of filing a false claim against North township in Lake county.

He assigns as error the overruling of his motion to quash the indictment and the overruling of his motion for a new trial.

It is charged in the affidavit that appellant filed a false claim with Erick Lund, trustee of North township, for dental services amounting to $66, upon the fraudulent pretense that they were furnished the poor of the township. It is contended that the indictment is bad because it is alleged that the claim was presented to Erick Lund, trustee, as such trustee, and that he should have been designated as overseer of the poor, and that the indictment charges that the claim was filed for the purpose of procuring payment out of the treasury of the township for the purpose of cheating and defrauding the township, whereas, in fact, claims for poor relief are paid out of the county treas-

ury. The contention is based upon the same theory as appellant's contention in *Lund* v. *State* (1934), 207 Ind. 347, 190 N. E. 850, and the questions were there fully discussed and decided adversely to appellant.

Under the motion for a new trial exceptions were saved to the introduction of several exhibits, consisting of the original poor relief order which is part of the indictment, the claim of the trustee for poor relief money filed with the county commissioners, included in which is the $66 claim which was the basis of the indictment, the voucher for $1,021, and the check of the trustee for the same amount upon the poor relief fund of the township, which included the same item. Appellant's objection is that these exhibits tend to establish a fraud upon the county, and not upon the township, as charged. There was no error in admitting the exhibits.

After evidence had been introduced to the effect that appellant had executed and made out the claim in question, and presented it to the trustee for allowance, and that it was allowed and paid, and that there was no such address as that of the person for whom the work was done, as given in the claim, and that an investigation had been made and no such person had been found in the township, the state was permitted to introduce other similar claims not declared upon in the affidavit, and to show that persons to whom service was claimed to have been rendered as indigents had not received the service. This evidence was competent for the purpose of proving intent. Appellant concedes that it is competent for that purpose, but contends that the acts constituting the crime charged had not been clearly established at the time this evidence was admitted. The evidence was sufficient to establish a prima facie case of filing a false

claim, and therefore there was no error in admitting the evidence complained of.

In support of the assignments that the verdict is contrary to law and not sustained by sufficient evidence, it is conceded that there was evidence that there was no such address as that given as the residence of James Chudick, and that witnesses testified that they had made investigation and found no such person residing in the township. It is argued that the examination made by the witnesses is not sufficiently extensive, and that inquiry at the mills "would have disclosed that a James Chudick worked at the Inland Steel Company at Indiana Harbor." But there is nothing in the evidence to indicate that a further investigation would have disclosed such to be the fact, nor is it claimed that a James Chudick, who had received poor relief in the amount claimed, had ever resided in the township. The objection goes to the weight of the evidence. There was some evidence to support the verdict, and this court will not weigh conflicting evidence.

Judgment affirmed.