JOHNSON ET AL. *v.* BOARD OF PARK COMMISSIONERS OF FORT WAYNE ET AL.

[No. 25,726. Filed December 17, 1930.]

Howard Benninghoff, for appellants.
Creighton H. Williams, for appellees.

TRAVIS, J.—This is an appeal from a decree in equity that the plaintiffs (appellants on appeal) take nothing, and that the defendants (appellees on appeal) have and recover from plaintiffs their costs. Appellants by three paragraphs of complaint seek to state facts sufficient upon which to base an injunction against appellees from issuing bonds in the amount of $250,000 to defray the costs and expenses in establishing a park in the city of Fort Wayne, as authorized by Acts 1917 p. 161, ch. 68, §10678 et seq. Burns 1926. Action was taken by the board of park commissioners of the city of Fort Wayne, in conformity to the act of the General Assembly 1917. To create a park district in the city of Fort Wayne coextensive with the city in accordance with such action, it was found that the sum of $250,000 was necessary, and bonds were sought to be issued by the controller of the city for that amount. Each of the appellees, separately and severally, filed his separate and several demurrer to each of the three paragraphs of appellants' complaint. These demurrers were sustained, and appellants declining to plead further, the finding and decree followed.

The second paragraph of complaint is exactly the same

as the first, with an additional allegation that the act violates Art. 10, §1, and Art. 11, §13, of the Constitution. The third paragraph raises the same questions of law as do the first two paragraphs of complaint.

In general, the three paragraphs of complaint allege that 500 or more taxpayers residing within the limits of the city of Fort Wayne filed a petition with the board of park commissioners of the city of Fort Wayne praying that a park district be established and created in Fort Wayne, and that the question be submitted to the legal voters of the city. The board of park commissioners thereupon adopted a resolution declaring the city of Fort Wayne to be a park district subject to the provisions of the act of 1917 (Acts 1917 p. 161, ch. 68, §§10678 to 10685, inclusive, Burns 1926). The board of park commissioners then called a special election to be held within 60 days after the petition was filed, at which election the establishment of the proposed park district was submitted to the legal voters of the city. Notice of such election was given as provided by the statute. At the election, 3,007 votes were cast in favor of the resolution to create the park district, and 1,267 votes against it. After the creation and establishment of the park district, the board of commissioners of the park district of Fort Wayne adopted a resolution, as provided by the law under which it was proceeding, to acquire lands and assess damages and improve the ground by grading and draining, which resolution described the tracts, parcels and lots of land to be acquired for boulevard purposes, and provided that all costs of condemnations, appropriations and purchase of lands and improvements should be paid for only out of the special fund resulting from the sale of bonds of the park district according to the provisions of the act of 1917, *supra,* and that the board would receive and hear remonstrances from persons interested or affected by the proceedings upon a day certain, when

it would determine the public utility and benefit thereof, and when final action confirming, modifying or rescinding the resolution would be taken, and ordering notice by publication as provided by law. Such notice was given. The board of park commissioners met at the time set by the resolution for hearing remonstrances and determined the amount of awards and damages to the property owners interested and affected by the resolution. In order to pay for the improvements as contemplated by the resolution, the comptroller of the city of Fort Wayne caused to be issued, in the name of the city, bonds of the park district not to exceed the total cost of all the land so acquired, the contract price of the improvements, and all expenses necessarily incurred in connection with the proceedings in that behalf, together with a sum sufficient to pay the cost of administration and supervision during the time of the construction of the work, in the total sum of $250,000. The comptroller calculated the number of bonds to be issued in accordance with the terms of the act of 1917, *supra*, and the bonds representing the issue of $250,000 were advertised to be sold August 30, 1928, according to the notice of the city comptroller and by the order of the board of park commissioners.

It is further alleged that the assessed valuation of the property within the city of Fort Wayne is approximately $224,000,000.

The complaint alleges that none of the steps so taken by "Board of Park Commissioners of the city of Fort Wayne" were taken by the commissioners of such park district of the city of Fort Wayne as required by law, but were taken by the first named (in quotation above) acting as and constituting the board of commissioners of the park district of the city of Fort Wayne, wherefore all acts taken by the board of park commissioners in attempted compliance with the act of 1917 are void.

Under the error assigned, that the court erred in sus-

taining each of appellees' separate and several demurrers to each paragraph of complaint, appellants maintain, upon the allegations of their complaint, that the act of 1917 violates the several parts of the Constitution of Indiana, to wit: Art. 13, §1; Art 10, §1; Art. 11, §13; Art. 1, §25; and that the taxing power given by the act of 1917 to the board of commissioners of the park district (§7 of the act) is an unauthorized delegation of taxing power to such board, because the members are appointed by the mayor of the city; that the act of 1917 (Acts 1917, ch. 68) is repealed by the act of 1923 (Acts 1923, ch. 67).

Appellants attack the act of 1917 and say it is void because it violates Art. 13 of the Constitution, from which it must follow that bonds issued thereunder would be void, and that the proposed sale of such bonds ought to be enjoined. Even though the bonds here involved be issued and sold, the complaint does not allege facts to show that the addition of the amount of these bonds to the indebtedness of the city would equal or exceed two per cent on the value of the taxable property within the city corporation. To the contrary, the second paragraph of complaint alleges that, if the proposed bonds be issued, they are not an obligation of the city. The attack is attempted to be applied in this wise: That power is granted by the act of 1917 to set up a municipal corporation, under which the point is made that, in 1881, when Art. 13 was made a part of the Constitution, there were in existence five political or municipal corporations, viz., "state, county, township, city and the school corporation"; and that it must have been the common understanding of the people, that the words, "political or municipal corporations," were intended and designed to mean and apply to political or municipal corporations then in existence, otherwise a multiplicity of municipal corporations could be formed

in such a manner as to evade the debt limitation. It is pleaded that the property acquired under the act of 1917 is the property of the city, upon which allegation, the point is made that two taxing powers for the city are attempted, to avoid the two per cent debt limitation, which is contrary to Art. 13 of the Constitution. The act of 1917 does not provide for the creation of a political or municipal corporation. This law was enacted to confer additional powers upon the department of public parks; to authorize the creation of park districts (see the title to the act). These powers so granted to the board of park commissioners acting as board of commissioners of the park district are intended to be but additional (cumulative). §5. The board of commissioners of the park district is not given the power to sue, neither may this board, as such, representing an entity separate from the city, be sued. There are no earmarks of a set-up in the act for the organization of a corporation. The act is, as it says: "An act concerning the department of public parks," etc. The act does not violate Art. 13 of the Constitution.

In reply to the second point, that two taxing powers are attempted for the city, the taxing power under this act is based upon the assessment of the property stated, and the levy of the tax. The assessment is made by the assessor, the board of review and the state board of tax commissioners, which is the basis for the levy of the tax. The act does not set up an additional taxing power.

Appellants contend that the act is void under Art. 10, §1, of the Constitution. The proposition is that the act does not prescribe "such regulations as shall secure a just valuation for taxation of all property, both real and personal," in that the attempt to assess property, both real and personal, within the entire

city upon a flat rate is unjust and unfair. The valuation of property for taxation constitutes the assessment of the property. Strictly speaking, an assessment is an official estimate of the valuations which are to constitute the basis of an apportionment of a tax among the individual subjects of taxation within the district. *People, ex rel.*, v. *Weaver* (1880), 100 U. S. 539, 545, 25 L. Ed. 705; 1 Cooley, Taxation (3d) ch. 12, p. 596. The valuation of itself does not lay the charge, that is, levy the tax, upon either the person or the property, but is a necessary step preliminary thereto. The assessment and the valuation of the property to be taxed under this act are made by the regularly constituted officials. These officials are provided for in the General Tax Law, Acts 1919 p. 198, §§61, 168, 189, §§14100, 14208, 14229 Burns 1926. This provision in Art. 10, §1, of the Constitution is not violated when the same basis of assessment is fixed for all property, and the same rate of taxation is fixed on all property within the district that is subject to taxation. *Cleveland, etc., R. Co.* v. *Backus, Treas.* (1893), 133 Ind. 513, 33 N. E. 421, 18 L. R. A. 729. The act here under consideration does not offend Art. 10, §1, of the Constitution by failing to prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, within the district, independent and exclusive of the regulations prescribed in the General Tax Act of 1919, *supra*.

Appellants contend that the act is void and unconstitutional because it is in conflict with Art. 11, §13, of the Constitution, by attempting to create a municipal corporation within the city of Fort Wayne by a "special act" instead of by a "general law." This act (Acts 1917, ch. 68) is not one which deals exclusively with the city of Fort Wayne. It may concern the voters of all second-class cities. The voters in any one, or in all, of the cities of the second class may

take the action provided for by the law, and thus establish a park district in any one, or in each one, of the cities of this class. The law is general in its application, and in no sense a special act. The cases of *Town of Longview* v. *City of Crawfordsville* (1905), 164 Ind. 117, 73 N. E. 78, 68 L. R. A. 622, 3 Ann. Cas. 496; *Jordan* v. *City of Logansport* (1912), 178 Ind. 629, 99 N. E. 1060, 1061; and *Rosencranz* v. *City of Evansville* (1924), 194 Ind. 499, 143 N. E. 593, cited by appellants to sustain this proposition, are not in point. This act of 1917 does not make a classification of cities. It applies to one of the classes heretofore made. Acts 1909 p. 13, §10261 Burns 1926; Acts 1915 p. 126, §10263 Burns 1926; Acts 1923 p. 170, §10264 Burns 1926. This act does not come under the inhibition of Art. 11, §13.

Appellants contend that the act of 1917 is unconstitutional because it provides for a direct intervention of the people (legal voters) in the making and the execution of this law, and, further, because the act provides that the question whether or not the law should take effect must be submitted to the legal voters, in violation of Art. 1, §25, of the Constitution. The vote by the people, as provided by §2 of the act, has no application to any of the processes necessary to the complete passage of the bill which became this law. The law will be presumed to have passed through all the legal processes, as a bill; to have been passed by the two houses of the Legislature, to have been signed after final passage by the presiding officers of the respective houses, and approved by the Governor, unless it be shown to the contrary by the party who attacks the law. The law as published (Acts 1917, ch. 68) shows that it was approved by the Governor March 5, 1917. A legislative enactment, to become a law in full force and effect, does not depend upon an act of any person, tribunal or municipality. The execution of the law depends upon the

vote of the people as is provided by it. The submission of the question whether "a park district be established and created" to the legal voters for their decision is for the purpose only to determine whether the legal voters of the city or district will or will not avail themselves of the provisions of the law. The act does not violate Art. 1, §25, of the Constitution. *Vandalia R. Co.* v. *Railroad Com., etc.* (1913), 182 Ind. 382, 390, 101 N. E. 85; *School City of Marion* v. *Forrest* (1906), 168 Ind. 94, 78 N. E. 187; *Groesch* v. *State* (1873), 42 Ind. 547, 557.

Appellants' next proposition is that this act is an unauthorized delegation of the taxing powers of the board, because its members under the law are appointed. The delegation of the power is by the Legislature.

The Legislature has inherent power to create or to provide for the creation of a special taxing district, in which all property may be taxed to pay for a special public improvement, from which it must and does follow that that body has power to create, or provide for the creation of the necessary agency to carry the law into effect. Appellants do not point to any part of the Constitution which so inhibits the Legislature. The proposition is fallacious and without ground of application to the error assigned.

Appellants propose, to sustain their complaint against the demurrers, that the later act in relation to parks within cities of the second class, which is Acts 1923, ch. 67, repeals by implication the law by which it was proposed to issue the bonds here in question, being Acts 1917, ch. 68. The point to sustain this proposition is that the two acts are so in conflict with each other and so antagonistic one to the other that both may not stand, and that the later act prevails. The broad statement is made that the whole subject and all the operations in connection therewith which are provided by the act of 1917 are completely covered by the

act of 1923, but the manner of attaining the object by the act of 1923 is wholly different from that provided by the act of 1917, and that, therefore, this revision of the whole subject by the Legislature in a new act is a clear indication of the legislative intention to substitute the new act for the old one.   The acts are alike in one particular, that under either one, a special district may be created which is coextensive with the corporate limits of the city.   Acts 1917, ch. 68, §1; Acts 1923, ch. 67, §11.   The methods of obtaining this objective are quite distinct in the two acts.   Under the act of 1923, the proceedings to attain the object are initiated by the common council and the board of park commissioners.   §11. It is plain from the act of 1923 that the city might have been made into one park district, but the act of 1923 is broader than the act of 1917, in that, as provided in §11, the city may be divided into any number of park districts.   The act of 1917 is limited in its operation to one park district, which shall, in all cases, be coextensive with the corporate limits of the city.   Under the act of 1923, the will of the people is expressed only by their representatives, the common council, and its administrative agency, the board of park commissioners.   The act of 1917 is, by its application, democratic, in that action to obtain the park coextensive with the limits of the city may be instituted by the taxpayers by petition, which petition may be confirmed by the legal voters of the district.   It is very evident why the Legislature in §26 of the act of 1923 provided: "that nothing herein contained shall in any way modify or repeal the act of the General Assembly of the State of Indiana approved March 5, 1917, being chapter 68 of the Acts of 1917." It still deemed it necessary that the taxpayers and the legal voters might, if a majority concurred, create the park district in the event the common council was not responsive to the desire of the people in carrying into

effect the creation of a park system as provided in the act of 1923. Appellants make the point under this proposition that the later repeals the former because the later act provides a different agency for the creation of the indebtedness and the issue of the bonds and the levy of the money with which to pay the indebtedness. These are mere agencies to carry into effect the real purposes of each act. The creation of administrative agencies is distinctly within the legislative field, the creation of which the courts will not disturb. The act of 1923 does not explicitly repeal the act of 1917 (Acts 1923, ch. 67, §26). The court is of the opinion that the act of 1923 does not repeal the act of 1917 by implication.

The decision of the court sustaining the separate and several demurrers of appellees to appellants' paragraphs of complaint is not erroneous, and the decree is therefore affirmed.

Martin, J., concurs in the conclusion.