MEARA, TRUSTEE ET AL. *v.* BRINDLEY ET AL.

[No. 26,201. Filed February 25, 1935.]

*J. H. Conroy,* for appellant.

*George Panea,* and *Martin J. Downey,* for appellees.

FANSLER, C. J.—Appellees, members of the township advisory board of North township, brought this action seeking a declaratory judgment interpreting certain provisions of chapter 74 of the Acts of 1931. There was judgment holding the act constitutional, and construing section 2 of the act as conferring power upon the advisory board, and not upon the trustee, to select the persons that shall be employed by the trustee as investigators or assistants in discharging the duties of trustee concerning the relief of the poor.

The errors assigned question the correctness of the court's construction and interpretation of the statute.

The act is entitled: "AN ACT concerning township business in certain townships, prescribing duties of the trustee and township advisory board, providing penalties and declaring an emergency." It is contended that the act violates section 19 of article 4 of the Constitution of Indiana, which reads:

"Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

It is contended that the township trustee is overseer of the poor; that poor relief is county business; that the title of the act indicates that it relates to township business; and that thus the act is void, since it does not deal with county business. It is well settled that poor relief, other than institutional support, is township business; that the township trustee, in acting as overseer of the poor, is acting for the township. It is true that it is made unlawful for the board of county commissioners, or any other public authority, to advance funds otherwise than in compliance with the act, but the funds referred to are advanced upon the credit of the township, and the advancement of such funds properly comes under the heading of township business. For a full discussion of the relationship of the township and county to poor relief see: *Wayne Township* v. *Brown* (1933), 205 Ind. 437, 186 N. E. 841; *Lund* v. *State* (1934), *ante* 347, 190 N. E. 850.

It is also contended that the act violates Section 22 of article 4 of the Constitution of Indiana, which reads:

"The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say: . . . Regulating county and township business."

The act applies to townships having one or more second class cities which are not county seats, or first class cities located wholly or partially therein. It is contended that this is an illegal classification, and that

the law is local and special. It is well settled, however, that such a classification is permissible. For a full discussion of the subject see: *Wayne Township* v. *Brown, supra; Heckler* v. *Conter* (1934), 206 Ind. 376, 187 N. E. 878.

The only other question presented involves the interpretation of Section 2 of the act, which reads as follows:

"Sec. 2. It shall be the duty of such township advisory board to designate and determine what, if any, persons shall be employed by the trustee of such township as investigators or assistants in discharging his duties concerning the relief of the poor in such township, and to fix the salaries to be paid to such investigators and assistants, and it shall be unlawful for the trustee to pay, or cause to be paid, out of public funds any assistant or investigator not so designated."

It is appellants' contention that, under this section, it is "the duty of such township advisory board to indicate and fix the number and class of persons that should be employed as investigators or assistants and to establish the salaries to be paid," and that it is the province of the trustee to select the persons to the number and of the class fixed by the advisory board. We cannot concur in this view. Stripped to its fundamentals upon the question, that act provides that it shall be the duty of the advisory board to designate and determine what persons shall be employed, and that it shall be unlawful to pay "any assistant or investigator not so designated." To be consistent with appellants' interpretation, the quoted clause should read "that it shall be unlawful to pay any assistant or investigator beyond the number and outside of the class so designated." The language quoted is specific, and must be deemed to refer to the individual person.

We find no error.

Judgment affirmed.