CITY OF INDIANAPOLIS, CLARK, MAYOR, ET AL. *v.* BUCKNER ET AL.

[No. 29,041.   Filed January 7, 1954.]

34

*Edwin K. Steers,* Attorney General, *Robert Hollowell,* General Counsel for Attorney General, *Owen S. Boling,* Deputy Attorney General, *Palmer K. Ward,* Corporation Counsel of City of Indianapolis, *Frank X. Haupt,* City Attorney, *Rufus C. Kuykendall,* Assistant City Attorney, for appellants.

*Henry M. Coombs,* of Indianapolis, for appellee, Vinard S. Buckner, *Max M. Plesser,* County Attorney, for Board of County Commissioners, and members thereof, and *Alfred Fischer* (of Counsel) of Indianapolis, for other appellees.

FLANAGAN, J.—This action challenges the constitutionality of Chapter 287 of the Acts of 1951 (Acts 1951, Page 880) as a whole, and also, separately, certain of its individual provisions. The above act seeks to create a new municipal corporation, to handle various health and hospital problems in Marion County, to be known as the "Health & Hospital Corporation." The new corporation is given such usual powers of a municipal corporation as the power to issue bonds and the power to levy taxes. Appellees are the challengers; appellants are the defenders.

The questions raised will be considered in the order of their presentation.

*Question No. 1.* Do the provisions of this act relating to the issue of bonds by the new corporation circumvent the constitutional debt limitation imposed by Article 13, Section 1, of the Constitution of the State of Indiana? The provision of the Consti-

tution referred to is to the effect that no political or municipal corporation shall become indebted to an amount in the aggregate exceeding two per centum on the value of the taxable property within such corporation. Under this provision, no single municipal corporation can exceed the two per centum limit. But this limit applies to each corporation individually, not in the aggregate to all properly created municipal corporations which may cover the same area or include the same taxpayers. The creation of additional municipal corporations for proper purposes is within the wisdom of the Legislature. It is established that the Legislature has power to create a municipal corporation for the purpose of protecting public health. *Edwards* v. *Housing Authority of City of Muncie* (1939), 215 Ind. 330, 19 N. E. 2d 741; *Dept. of Pub. Sanitation* v. *Solan* (1951), 229 Ind. 228, 97 N. E. 2d 495.

*Question No. 2.* The act provides for the creation of such municipal corporations "in each county of the State of Indiana with a population of more than 500,000, as shown by the last preceding United States Census." The query is made as to whether this reference has application to any subsequent census. It is pointed out that Marion County was the only county in the State with a population of more than 500,000, according to the last United States Census, at the time the act in question was enacted; therefore if the act does not apply to any subsequent census it is not a general act as required by Article 4, Section 23, of the Constitution of the State of Indiana. It would therefore also violate Article 4, Section 22, which prohibits special laws regulating county business, or providing for the assessment and collection of taxes for county purposes.

It is conceded that the rule is that the words "last preceding United States Census" refer to the census

last taken, whether before or after the passage of the act, unless the contrary appears in the act itself. *City of Indianapolis* v. *Navin* (1898), 151 Ind. 139, 47 N. E. 525, 51 N. E. 80, 41 L. R. A. 337. However, appellees contend that the contrary does appear in the involved act itself. Attention is called to the fact that the act provides that certain things are to be done on July 1, 1952, and other things on specified dates, which dates would have passed by the time of the taking of a new census. From this it is argued that the act applies only to the census of 1950 by its own terms. We think such an interpretation of these fixed dates is too strict. Rather, we interpret the meaning to be that these dates are fixed for first action under the new act, and that the anniversary of such dates applies thereafter. Our answer to "Question No. 2" is that the act does apply to any subsequent census; that it is general and uniform and therefore does not violate any constitutional provision prohibiting special laws.

*Question No. 3.* Section 7 of the involved act provides that the five-member Board of Trustees, the operating body of the Health & Hospital Corporation, shall consist of three members appointed by the mayor of the largest city in the county, who shall be residents of such city, and two members appointed by the Board of County Commissioners, who shall be residents of the county outside such largest city. Appellees assert that these provisions violate Article 1, Section 23, of the Constitution of the State of Indiana, which section reads as follows:

"The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

Appellees do not point out, nor are we able to discover, wherein the provisions of Section 7 above re-

ferred to fail to grant all citizens the same rights on the same terms. The fact that three are from the largest city and two from outside it does not seem to us to be such arbitrary and unreasonable provision as to violate any constitutional provision.

*Question No. 4.* It is asserted that certain sections of this involved act are not expressed or included in its title, as required by Article 4, Section 19, of the Constitution of the State of Indiana. The sections referred to and their subject-matter are as follows:

Section 27, Sub-Sec. 2. Dissolution of all local health boards and departments within the county.

Section 27, Sub-Sec. 6. Levy of taxes by the Health and Hospital Corporation.

Section 34. Levy of taxes by the Health and Hospital Corporation.

Section 37. Levy of taxes.

Section 44. Levy of taxes by Health and Hospital Corporation.

Section 45. Collection of taxes, levied by corporation, by county treasurer.

Section 27, Sub-Sec. 7. Issuance of bonds.

Section 37. Issuance of bonds.

Section 38. Issuance of bonds.

Section 54. Specified repeal of Chapter 200 of the Acts of 1945, and Chapter 323 of the Acts of 1947.

The title of the involved act reads as follows:

"AN ACT creating a municipal health and hospital corporation in counties having a population of more than 500,000 according to last preceding United States census, defining its powers and duties and declaring an emergency."

This court has many times called attention to the fact that the purpose of the title of an act under the

provisions of the Constitution above referred to is merely to express the general topic of the act, and that anything that is relevant or germane to such topic, and not incongruous thereto, is properly included. In other words, what is naturally to be found under the title is properly contained in the act, but any one examining the title must be able to know that he will not be misled by the inclusion in the act of what would not be expected under such title. The title is not expected to be an index to every part of the act itself. *Wright* v. *House* (1919), 188 Ind. 247, 121 N. E. 433; *Lutz, Atty. Gen. et al.* v. *Arnold, Atty. & Tr. et al.* (1935), 208 Ind. 480, 193 N. E. 840, 196 N. E. 702; *Henderson, Auditor,* v. *State ex rel. Stout, Sheriff* (1894), 137 Ind. 552, 36 N. E. 257; *State ex rel. Taylor* v. *Greene Circuit Court* (1945), 223 Ind. 562, 63 N. E. 2d 287.

In examining the various sections of the involved act which appellees contend are not properly within the title of the act, we find none that are not relevant and germane to the title, nor do we find any incongruous thereto.

*Question No. 5.* Article 9, Section 3, of the Constitution of the State of Indiana, provides:

"The county boards shall have power to provide farms, as an asylum for those persons, who, by reason of age, infirmity, or other misfortune, have claims upon the sympathies and aid of society."

The "county boards" referred to are the boards of county commissioners. *State ex rel. Wickens, Prosecutor* v. *Clark* (1935), 208 Ind. 402, 196 N. E. 234.

Some of the provisions of the involved act seek to remove the power given by the above section of the Constitution from such county boards and give it to

the newly-created Health & Hospital Corporation. Such provisions are clearly unconstitutional. However, these provisions are severable, and, so severed, the remainder of the act is workable. Such result carries out the intent of the Legislature, which provides in Section 50 of the involved act:

> "In case any section, provision or part of this Act, or application thereof shall be declared unconstitutional or invalid, it shall not in any way affect any other section, provision or part hereof or any other application thereof."

Judgment reversed, with instructions to sustain appellants' motion for a new trial, and for further proceedings consistent with this opinion.

Bobbitt, J., not participating.

NOTE.—Reported in 116 N. E. 2d 507.