ARCHER JR., ETC., ET AL. *v.* CITY OF INDIANAPOLIS, ETC., ET AL.

[No. 29,197.   Filed November 17, 1954.]

*Walter Meyers, Jr.,* of Indianapolis, for appellant.

*Frank X. Haupt,* City Attorney, *John D. Raikos,* Assistant City Attorney, and *Harry T. Ice, Robert D. Risch,* and *Ross, McCord, Ice & Miller* (of Counsel), all of Indianapolis, for appellees.

DRAPER, J.—The appellant taxpayer, acting for himself and on behalf of all persons similarly situated, brought this action against the appellees[1] to enjoin the Indianapolis Sanitary District from issuing and selling the bonds of said Sanitary District in the amount of $8,750,000, and to enjoin a tax levy by said Sanitary District for the payment of said bonds.

The trial court found for the appellees. Appellant's motion for new trial, which asserts the illegality of the decision, was overruled, and this appeal followed.

The facts, which were stipulated, are not in dispute. It is agreed that the rapid increase in the population of the City of Indianapolis in the last several years has created an urgent need for increased sanitation facilities of all kinds. If issued and sold, the bonds whose

1. City of Indianapolis, Indiana, acting for and on behalf of the Indianapolis Sanitary District; C. T. Drayer, Marvin J. Bresette, and Louis J. Rybolt, as and constituting the Board of Sanitary Commissioners of the Department of Public Sanitation of the City of Indianapolis, Indiana; Alex M. Clark, as the Mayor of the City of Indianapolis, Indiana; John R. Barney, as the City Controller of the City of Indianapolis, Indiana.

validity is here questioned would provide such minimum additions, extensions and improvements to existing facilities as are presently vitally needed in the Indianapolis area, and would enable the city to comply with the requirements of the Stream Pollution Control Board. All necessary legal steps prerequisite to the issuance of these bonds have been taken. The bonds proposed to be issued by the Sanitary District, together with the bonds previously issued and outstanding, would total an amount in excess of two per cent of the net assessed valuation of taxable property within the Sanitary District, but the total would be less than four per cent thereof.

The question presented may be stated as follows: May the Board of Sanitary Commissioners of the Department of Public Sanitation of the City of Indianapolis issue bonds pursuant to Chapter 157 of the Acts of 1917 as amended and supplemented (Burns' 1950 Repl., §48-4201, et seq.), where such bonds, together with similar bonds previously issued and presently outstanding, would exceed in amount two per cent of the taxable property within the Indianapolis Sanitary District?

The appellant admits there is statutory authority for the issuance of such bonds in an amount not exceeding four per cent of the total assessed valuation of taxable property in said Sanitary District (Acts 1951, ch. 179, §1, being Burns' 1953 Supp., §48-4217a), but contends that the statute (such statutory authority) is in conflict with Art. 13, Sec. 1, of the Constitution of the State of Indiana, which reads as follows:

"No political or municipal corporation in this State shall ever become indebted in any manner or for any purpose to an amount in the aggregate exceeding two per centum on the value of the taxable property within such corporation, to be ascertained

by the last assessment for State and county taxes, previous to the incurring of such indebtedness; and all bonds or obligations, in excess of such amount, given by such corporations, shall be void . . . ."

The appellant takes the position that the bonds are a debt of the Sanitary District, which District is a political or municipal corporation within the meaning of those terms as used in the constitutional provision above quoted. On the other hand, the appellees assert, first, that in creating the Indianapolis Sanitary District the Legislature intended to and did merely create a special taxing district.

It is axiomatic that a statute is presumptively valid, and should be upheld unless clearly unconstitutional. "Public statutes are not to be regarded as common enemies, whose speedy extermination is specially committed to the courts." We start with the assumption that the Legislature would not, in disobedience of the organic law of the state, attempt to confer upon any instrumentality of its creation the right to assume an indebtedness in excess of the constitutional limitation. The power to declare a statute void is to be exercised with the utmost care, and after all doubts as to its constitutionality have been removed.

The Legislature has the power to create additional municipal corporations for proper purposes, *City of Indianapolis* v. *Buckner* (1954), 233 Ind. 32, 116 N. E. 2d 507, and to create special taxing districts for designated purposes. *Dept. of Pub. Sanitation* v. *Solan* (1951), 229 Ind. 228, 97 N. E. 2d 495.

For present purposes, a taxing district may be defined as a new and separate territory within which a special assessment may be levied and collected on an ad valorem basis on the taxable property within the

district for the purpose of providing funds to pay for local public improvements (not political or governmental in nature), which improvements have been determined by the Legislature to be of special benefit to the people and property within that territory. *Board of Com'rs, etc.* v. *Harrell et al.* (1897), 147 Ind. 500, 46 N. E. 124; *Board of Com'rs of Switzerland County* v. *Reeves et al.* (1897), 148 Ind. 467, 46 N. E. 995; *Johnson* v. *Board of Park Commissioners* (1930), 202 Ind. 282, 174 N. E. 91; *Dept. of Pub. Sanitation* v. *Solan* (1951), 229 Ind. 228, 97 N. E. 2d 495, *supra*.

While this court has said that the name given to an instrumentality created by the Legislature to carry out projects for the protection of the public is of no significance, *Edwards* v. *Housing Authority of City of Muncie* (1939), 215 Ind. 330, 19 N. E. 2d 741, and it is true the name so given cannot prevail over the clear import of the other language of the statute, it is also true that we should not ignore the long-established practice of the Legislature in designating a corporation as such by name. Instances of the previous practice of the Legislature in that regard are furnished in the margin.[2]

---

2. In 1852 (Counties)

"Such commissioners shall be considered a body corporate and politic by the name and style of 'The Board of Commissioners of the County of ———' . . ." (§26-606, Burns' 1948 Replacement.)

In 1859 (School Townships).

"Each and every township that now is or may hereafter be organized in any county in this state is hereby also declared to be a school township, and, as such, to be a body politic and corporate, by the name and style of '——— School Township of ——— County,' according to the name of the township and of the county in which the same may be organized . . ." (§28-2401, Burns' 1948 Replacement.)

In 1859 (Civil Townships)

"Each and every township that now is or may hereafter be organized in any county in this state is hereby declared a body politic and corporate, by the name and style of '——— township of ——— county,' according to the name of the township and county in which the same may be organized . . . " (§65-121, Burns' 1951 Replacement.)

In *Johnson* v. *Board of Park Commissioners* (1930), 202 Ind. 282, 174 N. E. 91, *supra,* in holding that a park district did not constitute a political or municipal corporation, this court said (p. 289 of 202 Ind., p. 94 of 174 N. E.) :

"The act of 1917 does not provide for the creation of a political or municipal corporation. This law was enacted to confer additional powers upon the department of public parks; to authorize the creation of park districts (see the title to the act).

---

In 1865 (Teachers College)
"In order to the establishment and maintenance of such a school (now Indiana State Teachers College and Ball State Teachers College) . . . the . . . persons, who shall, in themselves and in their successors, constitute a perpetual body corporate . . ." (§28-5203, Burns' 1948 Replacement.)

In 1865 (School Cities and Towns)
"Each civil township and each incorporated town or city in the several counties of the state is hereby declared a distinct municipal corporation for school purposes, by the name and style of the civil township, town or city corporation respectively . . ." (§28-2402, Burns' 1948 Replacement.)

In 1869 (Purdue University)
". . . the corporate name . . . shall be 'The Trustees of Purdue University' . . ." (§28-5607, Burns' 1948 Replacement.)

In 1931 (School City of Indianapolis)
"In each civil city of this state having . . . more than 300,000 inhabitants there shall be a common school corporation hereinafter called the 'School City' . . ." (§28-2301, Burns' 1948 Replacement.)

In 1937 (Housing Authorities)
"In each city, town, and in each county . . . there is hereby created a public body corporate and politic to be known as the 'housing authority' . . ." (§48-8104, Burns' 1950 Replacement.)

In 1939 (Toll Bridge)
"There is hereby created a body corporate under the name of Indiana state toll-bridge commission . . ." (§36-3001, Burns' 1949 Replacement.)

In 1951 (Toll Road)
"There is hereby created a commission to be known as the 'Indiana toll road commission' . . . The commission hereby created is a body corporate and politic . . ." (§36-3203, Burns' 1949 Replacement, 1953 Supp.)

In 1951 (Health and Hospital)
"There is hereby created . . . a distinct municipal corporation to be known by the name and style of 'The Health and Hospital Corporation of ——— County' . . ." (§35-903, Burns' 1949 Replacement, 1953 Supp.)

These powers so granted to the board of park commissioners acting as board of commissioners of the park district are intended to be but additional (cumulative). §5. The board of commissioners of the park district is not given the power to sue, neither may this board, as such, representing an entity separate from the city, be sued. There are no ear-marks of a set-up in the act for the organization of a corporation. The act is, as it says: 'An act concerning the department of public parks,' etc. The act does not violate Art. 13 of the Constitution."

The legislation here under consideration is somewhat similar. The title states: "AN ACT concerning the department of public sanitation . . . creating a sanitary district . . . ." In the first section it is said: "That in addition to the existing executive departments of cities of the first class . . . there is hereby created a department of public sanitation . . . ." In §5 it is said that: "Upon taking effect of this act all the territory included . . . shall become and constitute a sanitary district . . . and thereafter said sanitary district, as so constituted, shall be deemed duly established . . . ." In other sections of the act the sanitary district is referred to as a "special taxing district." The statute places the District under the control of a Board of Sanitary Commissioners which heads the Department of Public Sanitation of the City of Indianapolis. The three members of the Board of Sanitary Commissioners are appointed by the Mayor of Indianapolis and are subject to removal by the Mayor for neglect of duty or incompetency after hearing. In exercising its powers the Board acts in the name of the City of Indianapolis. It may sue or be sued in the name of the City of Indianapolis. Bonds are issued by the Board in the name of the City of Indianapolis, executed by the Mayor and City Controller

and sold by the City Controller. The special tax which is authorized to be levied upon property within the territorial limits of said sanitary district is declared to be and constitutes the amount of benefits resulting to said property. The bonds are payable only out of a special tax levied upon the property in said district, and the special taxes so collected must be kept in a special fund and applied only to the retirement of said bonds. It would not seem from a reading of the law that the Legislature intended to create a separate corporate entity.

In *State Board, etc.* v. *State ex rel.* (1926), 198 Ind. 343, 153 N. E. 404, 576, this court held that the Sanitary District of Indianapolis was not a separate entity—a distinct municipality. When that case was decided, §21 of the 1917 Act provided that the power to tax for general maintenance resided in the Common Council of the city. By the Act of 1943, ch. 107, §4, the power to levy taxes for general expenses was granted to the Board of Sanitary Commissioners (Burns' 1950 Repl., §48-4221).

The appellant concedes it is probable that the Sanitary District was originally designed to be a special taxing district, but he argues that *State Board, etc.* v. *State ex rel.* (1926), 198 Ind. 343, 153 N. E. 404, 576, *supra,* is not controlling here because of the changes in the law as originally enacted. In this connection he stresses the change effected by the 1943 Act. As we understand it, he does not question the authority of the Legislature to confer upon a taxing district the power to levy taxes for general operational expenses, but takes the position that the addition of that power has the effect of changing what was a taxing district into a municipal corporation. If, as we believe, the Legislature did in fact originally create a special taxing

district, we doubt that the 1943 amendment conferred upon it such a degree of independence as to convert it into a municipal corporation. Certainly such does not appear to have been the legislative intention, for had it been the Legislature would surely have gone much further in the direction of making its purpose clear. The amendment does not purport to affect the levying of special benefit taxes to pay the bonds which have been or are intended to be issued. It does provide a practical, convenient, and, perhaps, indispensable method whereby the improvement may be operated for the benefit of those concerned.

Under ch. 258, Acts 1921 (§48-4227, Burns' 1950 Repl.), cities of the second class were authorized to bring themselves under the provisions of the legislation under consideration, and pursuant thereto the Sanitary District of Hammond was created and steps were taken looking toward the issuance of the bonds of said District. An action was brought to enjoin the execution and sale of said bonds, and this court was required to decide whether the debt thus attempted to be created was the debt of the City of Hammond and the town of Munster or was a debt only of the Hammond Sanitary District. In *Dept. of Pub. Sanitation* v. *Solan* (1951), 229 Ind. 228, 97 N. E. 2d 495, *supra,* in an opinion by Gilkison, J., which reviewed the authorities, this court held that the debt was not the debt of the city or town. As revealed by the opinion, the decision in that case was based upon the premise that the Hammond Sanitary District, which was organized under the very law now under discussion, was an "essential public local improvement"—a special taxing district.

The appellant points to *City of Indianapolis* v. *Buckner* (1954), 233 Ind. 32, 116 N. E. 2d 507, *supra,* in

which we upheld the constitutionality of the 1951 Act (ch. 287, Acts 1951, Burns' 1953 Supp., §35-902, et seq.) concerning Health and Hospital Corporations. There are of necessity similarities between the administrative scheme pursuant to which special taxing districts and municipal corporations are operated. In determining the true character of the instrumentality which the Legislature has created, we must therefore look to dissimilarities as well as similarities, some of which we shall note.

The act under which the Health and Hospital Corporation was created specifically declares it to be a municipal corporation. It is entirely separate and distinct from any other corporation. The power to appoint all the members of its Board of Trustees is not vested in one officer of another municipal corporation. It is authorized to sue and be sued in its corporate name, to issue bonds, and otherwise act in its own name as a separate entity. Its Board of Trustees is vested with legislative powers to enact ordinances. Considering these and other essential differences, the *Buckner* case cannot be considered as authority for the proposition that the Indianapolis Sanitary District is a municipal corporation.

The appellant calls our attention to several statutory definitions of "municipal corporations" which by their terms are made to include "special districts," "special taxing districts," "sanitary districts, park districts and all taxing units within the state," and the like. The statutes in which they are found have to do with tax levies, the transfer of unused funds and such. The application of each of the several such statutory definitions called to our attention is expressly limited to the particular statute of which it is a part. The Legislature may, as a matter of conveni-

ence, provide that a taxing district shall be considered or deemed to be a municipal corporation for certain purposes, but definitions laid down for such purpose are not intended to and do not confer or alter status.

Whether and to what extent the creation of special districts for special purposes is wise policy is not for us to consider in determining the validity of the enactment. It is exclusively a legislative problem.

There is no constitutional provision limiting the number or amount of bonds that may be issued in anticipation of special benefit taxes by a special taxing district. We conclude that the legislation under consideration does not violate Art. 13, Sec. 1, of our Constitution, which relates only to political or municipal corporations.

Judgment affirmed.

Flanagan, C. J., and Bobbitt, Emmert, and Gilkison, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 607.