BAILEY *v.* EVANSVILLE-VANDERBURGH AIRPORT
AUTHORITY DISTRICT ET AL.

[No. 29,883. Filed April 21, 1960.]

402

*McCray & Clark,* of Evansville, for appellant.

*Robert D. Schuttler,* of Evansville, *Joseph J. Daniels, John B. King,* and *Baker & Daniels,* of counsel, all of Indianapolis, for appellees.

JACKSON, J.—Appellant brought this suit as a taxpayer to enjoin appellees, hereinafter referred to as the airport authority, from proceeding further under and pursuant to Acts 1959, ch. 15, §§1 to 37, p. 32, being §§14-1201 to 14-1235, Burns' 1959 Cum. Supp., being an act authorizing the creation of airport authority districts, the purpose of which is to acquire, establish, construct, improve, equip, maintain, operate and finance

airports and landing fields, defining the powers and duties of the airport authority and declaring an emergency. Such act created and fixed the powers and duties of the authority.

Trial was had before the court without the intervention of a jury on an agreed stipulation of facts, and a judgment was rendered for the appellees. The appellant filed his motion for a new trial, which motion was overruled. The issues are presented to this court by appellant's sole assignment of error, "The Court erred in overruling appellant's motion for a new trial."

The question presented for review by this appeal concerns the constitutionality of Acts 1959, ch. 15, §§1 to 37, p. 32, being §§14-1201 to 14-1235, Burns' 1959 Cum. Supp., which will hereinafter be referred to as "the Act."

The appellant charges that the Act is unconstitutional on seven grounds, as follows:

1. "Said Act violates Article 1, Section 23 of the Constitution . . . in that Section 2 of said statute limits its application for the establishment of an airport authority district to any City having a population of 128,000 or more and being in a County with a population of not less than 150,000 and not more than 180,000 . . . and that such classification is unreasonable and has no application to the substance of the statute as a whole, and thus grants to a class of citizens privileges and immunities which, upon the same terms, do not equally belong to all citizens of the State of Indiana."

2. "Said Act which extends to any airport authority created thereunder the authority and powers of a municipal corporation violates Section 13, Article 11 of the Constitution of the State of Indiana which prohibits the creation of corporations by special act."

3. "Said Act which is a local and special law violates in the following particulars Section 22,

Article 4, of the Constitution . . . which prohibits the General Assembly from enacting as local or special laws certain classes of legilsation [legislation]:

(1) "Paragraph 16 of Section 3 [Section 15] of said Act, which empowers the Board of any airport authority district to vacate roads, highways and streets within the airport authority district, contravenes subsection (8) of Section 22, Article 4, of the Constitution. . . .

(2) "Said Act which provides for the establishment, operation and financing of airports and landing fields, contravenes subsection (10) of Section 22, Article 4, of the Constitution. . . .

(3) "Paragraph 4 of Section 15 of said Act, which empowers the Board of any airport authority district to adopt an annual budget and levy taxes, contravenes subsection (12) of Section 22, Article 4, of the Constitution. . . .

(4) "The title to said Act, which does not specify that such airport authority districts shall have the authority to issue bonds and levy taxes as provided in said Act, violates Section 19 of Article 4 of the Constitution . . . which requires that the subject matter of every act shall be expressed in the title thereto.

(5) "Said Act, which is a special and local law, could have been enacted as a general law and therefore, said Act violates Section 23 of Article 4 of the Constitution. . . .

(6) "Said Act, which provides for the creation of such airport authority districts by the adoption of ordinances, acts or regulations to that effect by certain city and county councils, is an unreasonable delegation of legislative authority and is, therefore, repugnant to and in contravention of Section 1 of Article 4 of the Constitution of the State of Indiana.

(7) "The issuance of general obligation bonds by the Board of the Evansville-Vanderburgh Airport Authority District, which airport authority district is actually a mere agency of the City of Evansville and

Vanderburgh County, will violate Section 1, Article 13 of the Constitution of the State of Indiana for the reason that the bonds issued by such Board when added to the existing indebtedness of the City of Evansville and Vanderburgh County, will exceed the constitutional debt limitation of both the City of Evansville and Vanderburgh County. . . ."

Appellant does not challenge the propriety of the subject matter of the Act. That the Legislature has the authority to provide for the management, administration and improvement of public airport facilities by a particular public body or entity, is no longer open to question. This court has many times recognized the Legislature's authority to establish public agencies for such comparable purposes as a health and hospital corporation (see *City of Indianapolis et al. v. Buckner et al.* (1954), 233 Ind. 32, 35, 116 N. E. 2d 507), a city-county building authority (see *Book v. Indianapolis-Marion Bldg. Auth. et al.* (1955), 234 Ind. 250, 263, 126 N. E. 2d 5), a school building corporation (see *Becker et al. v. Albion-Jefferson School Corp. et al.* (1956), 235 Ind. 204, 208, 132 N. E. 2d 269), or a state office building commission (see *Book v. State Office Bldg. Comm. et al.* (1958), 238 Ind. 120, 133, 149 N. E. 2d 273). The broad question raised in this appeal, therefore, is simply whether the 1959 General Assembly by passage of the Act therein violated any of the relevant provisions of the Constitution of the State of Indiana.

In making that determination, this court, as recognized in *Book v. State Office Bldg. Comm. et al., supra,* will be guided by the following well established rules of constitutional and statutory construction:

"(1) A statute is presumptively valid and will not be overthrown as unconstitutional if it can be sustained on any reasonable basis;

"(2)   It is the duty of courts to uphold Acts of the Legislature if it is possible to do so within rules of law, and where there is a doubt as to the constitutionality of a statute, it must be upheld; and

"(3)   The burden is on the party attacking the constitutionality of the statute to establish the invalidating facts; and its invalidity must be clearly shown."

Appellant predicates four of his seven charges of unconstitutionality on the fact that the Act provides for the creation of airport authority districts only in counties having a population of not less than 150,000 and not more than 180,000, according to the last preceding United States census, and in which there is located a city having a population of more than 128,000, also according to the last preceding United States census. Appellant has thus charged that, due to the population limitation, the Act is a local and special law which violates the following provisions of the Indiana Constitution:

1.   Article 11, Section 13, which prohibits the creation of corporations by special act.

2.   Article 4, Section 22, which provides that the General Assembly shall not pass local or special laws in certain enumerated cases; and,

3.   Article 4, Section 23, which provides that in all cases where a general law can be made applicable all laws shall be general and of uniform operation throughout the State.

Appellant also argues that, due to the population limitation, the act violates Article 1, Section 23, of the Indiana Constitution, which prohibits the granting to a class of citizens privileges and immunities which, upon the same terms, do not equally belong to all citizens.

Because the reasonableness of the population limitations set forth in the act is questioned by the above

specifications, we will, in the interest of brevity, consider all four charges together, with separate consideration later to the questions raised under Article 11, Section 13, prohibiting the creation of corporations by special act.

The question of the constitutionality of an act containing a similar population classification has heretofore been decided by this court, adversely to appellant. *Wayne Township* v. *Brown* (1933), 205 Ind. 437, 461, 186 N. E. 841; *Meara, Trustee* v. *Brindley* (1935), 207 Ind. 657, 659, 660, 194 N. E. 351; *Groves* v. *Board of Commissioners, Lake County* (1936), 209 Ind. 371, 376, 199 N. E. 137; *City of Indianapolis et al.* v. *Buckner et al.* (1954), 233 Ind. 32, 36, 116 N. E. 2d 507.

Appellant's contention, that since the act provides for the creation of a municipal corporation, it violates Article 11, Section 13 of the Indiana Constitution, is predicated on the theory that Chapter 15, Acts 1959 is a special act. Appellant relies on the following cases to support that contention. *Ennis* v. *State Highway Commission* (1952), 231 Ind. 311, 108 N. E. 2d 687; *Rosencranz* v. *City of Evansville* (1924), 194 Ind. 499, 143 N. E. 593.

The Rosencranz case involved a population classification for cities from 85,000 to 86,000, and this court specifically observed that only the City of Evansville would ever come within the classification of the statute due to the insertion in the Act of certain mandatory dates at which time certain events were to take place under the terms of the Act. In *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, 70 N. E. 134, the court was confronted with a statute which applied only to towns having a population of not less than 4,540 and not more than 4,545, a population differential of five people. There is no similarity between the population classifica-

tions in the act here under consideration and the statutes in those cases, and they lend no support to appellant's contention here.

The Act here in question pertaining as it does to municipal corporations, should not be regarded as a local or special act simply because at the time of its enactment it may have applied to but one city.

"The Constitution does not require that the operation of a law shall be uniform, other than that its operation shall be the same in all parts of the State under the same circumstances." *Bumb* v. *City of Evansville* (1907), 168 Ind. 272, 274, 80 N. E. 625.

The classification here is reasonable. Any city and county in the State coming within the population limits as prescribed in the Act may avail themselves of its provisions.

Since we have held that the airport authority district is a municipal corporation the Act here does not violate any of the provisions of Article 13, Section 1 of the Indiana Constitution. *City of Indianapolis et al.* v. *Buckner et al.* (1954), 233 Ind. 32, 34, 35, 116 N. E. 2d 507.

Appellant further urges that the Act is unconstitutional because the title thereto fails to comply with the requirements of Article 4, Section 19 of the Indiana Constitution, in that the following two matters contained in the Act are not covered by the title.

1. The granting of the authority to adopt an annual budget and levy taxes. (Acts 1959, ch. 15, §15, p. 32, being §14-1215 Burns' 1959 Cum. Supp.)

2. The granting of the authority to issue bonds. (Acts 1959, ch. 15, §20, p. 32, being §14-1220 Burns' 1959 Cum. Supp.)

This court has on numerous occasions stated the rule that the title to an act need not be an index of all the matters contained therein and that the title provision of the Indiana Constitution (Article 4, §19) was intended to require only that a title be sufficiently explicit reasonably to apprise all persons as to the nature of the act. Thus, this court, in *Book* v. *State Office Bldg. Comm. et al.* (1958), 238 Ind. 120, at page 156, 149 N. E. 2d 273 at page 291, quotes with approval the following statement:

> "It is sufficient that the title shall 'embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.' (Const. Art. 4, §19), and that it is of such character as fairly to apprise the legislators and the public in general of the subject-matter of the legislation, so as to lead to inquiry into the body of the bill, or indicate some particular branch of legislation as a head under which the particular provisions of the act may reasonably be looked for, and it need not set out all the matters properly connected with, or germane to the subject-matter of the act. See also: *Board of Comm. Adams County* v. *Fenning* (1937), 211 Ind. 411, 415, 5 N. E. 2d 639." See also: *City of Indianapolis et al.* v. *Buckner et al.* (1954), 233 Ind. 32, 38, 116 N. E. 2d 507.

Title to the act here under attack clearly satisfies the requirements of Article 4, §19, *supra,* of the Indiana Constitution.

Appellant's challenge of the constitutionality of the Act on the ground that it violates Article 4, §1, *supra,* of the Indiana Constitution for the reason that it represents an unreasonable delegation of legislative authority in contravention of that constitutional provision can not prevail in view of the language of the statute. It is apparent from the wording of the Act that it was the intent of the Legislature to,

and it did, create thereby a municipal corporation. *Mogilner* v. *Metropolitan Plan Comm., etc. et al.* (1957), 236 Ind. 298, 310, 140 N. E. 2d 220.

Appellant's final challenge of the constitutionality of the Act is on the ground that "The issuance of general obligation bonds . . . will violate Section 1, Article 13 of the Constitution of the State of Indiana for the reason that the bonds issued by such Board when added to the existing indebtedness of the City of Evansville and Vanderburgh County, will exceed the constitutional debt limitation of both the City of Evansville and Vanderburgh County, . . ."

Appellant predicates such challenge on the premise that the creation of the Airport Authority District was simply a device to avoid the constitutional debt limitation imposed upon municipalities by Section 1, Article 13 of the Constitution. That premise has been many times rejected by this court. The right of the Legislature to create municipal corporations and other public agencies to undertake vital public functions can no longer be questioned, and it is now well settled that the debts of such corporations are not to be included with the debts of other municipal corporations in the same geographical area in order to determine whether there has been or could be an infringement of the municipal debt limitation. *City of Indianapolis et al.* v. *Buckner et al.* (1954), 233 Ind. 32, 34, 35, 116 N. E. 2d 507; *Book* v. *State Office Bldg. Comm. et al.* (1958), 238 Ind. 120, 139, 149 N. E. 2d 273; *Book* v. *Indianapolis-Marion Bldg. Auth. et al.* (1955), 234 Ind. 250, 258, 261, 126 N. E. 2d 5; *Protsman* v. *Jefferson-Craig Consol. School. Corp.* (1953), 231 Ind. 527, 532, 109 N. E. 2d 889.

Judgment affirmed.

Arterburn, C. J., Bobbitt and Landis, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 166 N. E. 2d 520.