DATISMAN, ETC. v. GARY PUBLIC LIBRARY ET AL.

[No. 29,897. Filed November 2, 1960.]

84

*William I. Marlatt,* of Gary, for appellant.

*Thomas H. Clifford, Jr., Lucas & Clifford,* of Gary, *Harry T. Ice, Robert D. Risch, Robert D. McCord* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee.

BOBBITT, J.—Appellant brought this action as a taxpayer, for himself and on behalf of all other persons similarly situated, against the Gary Public Library, and members of the Library Board of Gary Public Library, to enjoin them from taking any action to issue and sell bonds pursuant to the provisions of the Acts of 1947, ch. 321, as amended, being §§41-901—41-921, Burns' 1952 Replacement and 1960 Cum. Supp., for the purpose of providing funds to defray the cost of the

construction and equipment of a new main library building.

Acts 1947, ch. 321, *supra,* provides for the organization of separate corporations for library purposes, governed by a Library Board appointed in the manner provided in the Act and having power to levy taxes and issue bonds.

The cause was submitted to the trial court on the stipulation of the parties and the evidence of the plaintiff. Judgment was for the defendants-appellees.

The trial court specifically found,

"[T]hat Chapter 321 of the Acts of the 1947 Indiana General Assembly, and all acts amendatory thereof and supplemental thereto, are constitutional, that said Act of 1947, and the amendments and supplements thereto, are valid and not an attempted circumvention of Article 13 of Section 1 of the Constitution of Indiana, that the Gary Public Library is a municipal corporation separate and distinct from the City of Gary and the School City of Gary and is not a department of either the City of Gary or the School City of Gary; that the Indiana General Assembly has the power to create other municipal corporations within existing incorporated cities whose boundaries and area may be conterminous and identical with such incorporated cities; that Chapter 321 of the Acts of the 1947 Indiana General Assembly, and the said amendements [amendments] and supplements thereto, are valid and not in violation of Article 1, Section 1 of the Constitution of Indiana; that the title of said Act of 1947 is broad enough to include the creation of Library districts as municipal corporations; that said Act of 1947 authorizes the levying of unlimited and valorum taxes on real and personal property in the Gary Public Library for the purpose of retiring the bonds; that the provisions of said Act of 1947 limiting the indebtedness of the Gary Public Library to one per cent (1%) of the value of property taxable for library purposes means the net assessed valuation of such property

as determined for the purposes of taxation; that the Gary Public Library has full right, power, and authority to issue bonds on the terms and conditions and in the manner and amount set forth in the resolution adopted by the library board of the Gary Public Library on July 3, 1958; . . ."

The sole error assigned is the overruling of plaintiff-appellant's motion for a new trial.

It is contended here that the decision of the trial court is contrary to law because the Library Law of 1947, as amended, is invalid for the reason that it violates certain provisions of the Constitution of Indiana.

The specific questions raised and properly presented will be considered in the order in which they are discussed in the argument section of appellant's brief.

*First:* Appellant asserts that the title of the Act is not sufficiently broad to include the "subject of creating new and distinct municipal corporations" and, therefore, violates the provisions of Art. 4, §19, of the Constitution of Indiana.

The title of Chapter 321, of Acts 1947, *supra* (Library Law) is as follows:

"An act concerning the establishment, operation and maintenance of public libraries, discontinuing the effect of all existing laws with respect to the establishment of public libraries hereafter, and declaring an emergency."

The title, as above indicated, states that Chapter 321, *supra,* is "An act concerning the *establishment,* operation and maintenance of public libraries." (Our italics.)

Establishment has been defined, in its abstract sense, as the act of establishing, or the state or fact of being established. 30 C. J. S., p. 1233.

The term "establish" has various meanings, and the peculiar sense in which it is used in any sentence is to

be determined by the context. In its primary sense it has been defined as meaning to bring into being, create, to organize, to build or to erect. 30 C. J. S., p. 1229.

When, considered in the context in which the word "establishment" is used here, it must be concluded that it means the organization, creation and building of libraries. This in our judgment is sufficient to include as a part of the general purpose of the Act, the creation of Library Boards and districts and the building of libraries. The creation of library districts or public corporations to establish, operate and maintain such libraries is germane to the purpose of the Act and is, in our opinion, covered by the title. *State, P. R. R. Co., et al.* v. *Iroq. Cons. Dist. Ct., et al.* (1956), 235 Ind. 353, 359, 133 N. E. 2d 848.

The title to Chapter 321, *supra,* is broader than the enactment, and for the reasons above stated is not in violation of Art. 4, §19, of the Constitution of Indiana which provides that the subject of an Act shall be expressed in the title. See: *Alanel Corp., etc.* v. *Indpls. Redevelop't. Comm. et al.* (1958), 239 Ind. 35, 50, 154 N. E. 2d 515.

*Second:* Appellant further asserts that the creation of separate public corporations for the establishment and maintenance of libraries is an attempt to evade the constitutional debt limitation in violation of Art. 13, §1, of the Constitution of Indiana.

It is contended that the maintenance of public libraries is a part of the educational system of the State, hence the Gary Public Library, if created as a separate governmental unit, would exercise a part of the functions of the School City of Gary.

In support of this contention appellant, in his brief, quotes from *School City of Marion* v. *Forrest* (1907),

168 Ind. 94, at page 97, 78 N. E. 187, wherein it is said that "[i]t may, with propriety, be said that a law providing for the organization and maintenance of public libraries is a part of the educational system of the State, . . ."

However, this court there held that an Act which provided for the creation of Library Boards in cities of a certain population was not an unlawful delegation of the power of taxation, and at page 97 of 168 Ind., said:

"[W]e are not prepared to admit, in view of the provisions of §1, article 8, of the Constitution, that the act in question involves an improper delegation of the authority to levy taxes."

The School City of Marion case further held that Boards organized under the provisions of the 1903 Library Act,[1] "exercise the whole power of the municipality in respect to public libraries."

The law is well settled in Indiana that the creation of additional municipal corporations for proper purposes is within the power of the Legislature. *City of Indianapolis et al.* v. *Buckner et al.* (1954), 233 Ind. 32, 34-35, 116 N. E. 2d 507; *Archer Jr., etc., et al.* v. *City of Indpls. etc., et al.* (1954), 233 Ind. 640, 644, 122 N. E. 2d 607; *Martin* v. *Ben Davis Conservancy Dist.* (1958), 238 Ind. 502, 520, 153 N. E. 2d 125; *Alanel Corp., etc.* v. *Indpls. Redevelop't. Comm. et al., supra* (1958), 239 Ind. 35, 48, 154 N. E. 2d 515.

We recently said in *Bailey* v. *Evansville-Vanderburgh Airport Auth. Dist.* (1960), 240 Ind. 401, 166 N. E. 2d 520, at page 525, that,

1. Acts 1903, ch. 52, p. 193.

"The right of the Legislature to create municipal corporations and other public agencies to undertake vital public functions can no longer be questioned, and it is now well settled that the debts of such corporations are not to be included with the debts of other municipal corporations in the same geographical area in order to determine whether there has been or could be an infringement of the municipal debt limitation."

The history of the operation and maintenance of public libraries in this State does not sustain the allegation that they are a part of the common school system of the State. Historically, public libraries in Indiana have been under the control of various units of government. Some have been administered by school cities, others by civil cities or civil townships, and some by special Library Boards such as those provided by the Acts of 1903, ch. 52, p. 193.

It may be said that the establishment and maintenance of public libraries is a suitable means of encouraging "moral, intellectual, scientific and agricultural improvement"[2] within the State. However, it does not necessarily or logically follow that this makes public libraries a part of the *common school system* of the State. If the Legislature, in its discretion, provides for the establishment and maintenance of public libraries in a manner different from that of public schools, it is within its power so to do.[3] If appellant here would have public libraries in the State administered by public school authorities his remedy is with the Legislature and not in the courts.

In *Cerajewski* v. *McVey* (1947), 225 Ind. 67, 72 N. E. 2d 650, 171 A. L. R. 723, upon which appellant relies,

2. Article 8, §1, Constitution of Indiana.
3. See: *Miller* v. *Akron Public Library* (Ohio Com. Pleas 1951), 96 N. E. 2d 795, 798; and *Lambert* v. *Board of Trustees of Public Library* (1913), 151 Ky. 725, 152 S. W. 802, 807, where the establishment of separate library districts have been upheld.

the statute which was declared invalid authorized the creation of a separate unit in the City of Hammond for the building of technical-vocational high schools. The boundaries of such unit were identical with the School City and the unit was administered by and under the control of the Board of School Trustees of the School City of Hammond. In considering whether this Act was merely an attempt to evade the constitutional debt limit, this court, at pages 69-70 of 225 Ind., said:

> "The substance of the result is that the School City obtains, controls and operates its new Technical-Vocational High School exactly as though no new governmental unit had been created and as though it had been able to borrow, and had itself borrowed, the money and issued its own bonds."

The situation in that case is far different from that in the case at bar. The Cerajewski case is not applicable to the facts here and lends no support to appellant's position.

*Rappaport* v. *Dept. of Public Health* (1949), 227 Ind. 508, 87 N. E. 2d 77, also relied upon by appellant, has been limited to the factual situation in that case.[4] Hence, it is neither persuasive nor controlling here.

The creation of library districts in Indiana as public corporations for library purposes, separate and distinct from the civil or municipal corporations covering the same territory, is in our judgment not prohibited by any provision of the Constitution and is a valid exercise of legislative power. *School City of Marion* v. *Forrest, supra* (1907), 168 Ind. 94, 98, 78 N. E. 187.

*Third:* Appellant next asserts that the Library Law of 1947, as amended, is invalid for the reason that it

4. See: *Dept. of Pub. Sanitation* v. *Solan* (1951), 229 Ind. 228, 240, 97 N. E. 2d 495.

deprives the people of the library district of their right of local self-government because the Act provides for the appointment instead of the election of members of the Library Board, thus violating Article 1, §1, of the Constitution of Indiana.

⸳ The right of local self-government in towns and cities of Indiana is vested in the people of the respective municipalities, and while the Legislature has no right or power to appoint municipal officers, it does, however, have the power to enact laws prescribing the manner of selection and the duties of such officers. *The State, ex rel. Holt et al.* v. *Denny, Mayor, et al.* (1889), 118 Ind. 449, 459, 463, 21 N. E. 274, 4 L. R. A. 65; 20 I. L. E., Municipal Corporations, §73, p. 393.

*State ex rel.* v. *Fox* (1902), 158 Ind. 126, 63 N. E. 19, 56 L. R. A. 893, cited by appellant in support of his position here, involved a statute which authorized the Governor of the State to appoint commissioners of the Board of Public Safety in the City of Fort Wayne. This Act clearly deprived the people of Fort Wayne of their right of local self-government by vesting in the Governor—a state officer—the right to appoint members of a city board. The statute in the present case provides that members of the Library Board be appointed by local officials and it is not subject to the same objection as was the statute in the Fox case.

In our judgment the provisions for the appointment of members of the Library Board in the Act here in question do not violate the people's right to local self-government.

*Fourth:* Appellant also asserts that the Act here in question should be declared invalid because it is indefinite and uncertain in the following respects:

(1) Does the provision of §18 of the Act, as amended, (§41-918, Burns' 1960 Cum. Supp., *supra*) that the Library Board shall determine and fix the rate of taxation necessary for the proper operation of the library "not less than five cents [5c] nor more than thirty cents [30c] on each one hundred dollars [$100] of taxable property," limit the tax levy for the payment of principal and interest of bonds which may be issued?

This question is answered in the negative by subsection (j) of §15 of the Act, as amended, (being §41-915, Burns' 1960 Cum. Supp., *supra*), the pertinent part of which reads as follows:

"The library board shall have power, as such board:

.   .   .   .

"(j) To issue, . . . negotiate and sell negotiable notes and bonds of such library board and to levy, assess and collect, at the same time and in the same manner as other taxes of such library board are levied, assessed and collected, a special tax in addition to other taxes authorized by law to be levied sufficient to pay all yearly interest on the bonded and note indebtedness of such library board, and to provide a sinking fund for the liquidation of the principal thereof when it shall become due."

(2) Does the phrase "one [1] per cent of the value of property taxable for library purposes" mean assessed value or true value?

Generally, statutory debt limitations on taxable property refer to the value of taxable property within the taxing district as ascertained by the last assessment for State and local taxes. It seems clear to us that this is what the Legislature meant by "value of property taxable" as it is used in §20 of the Act, (§41-920, *supra*). This is in our judgment a reasonable construction which makes such provision of the

Act intelligible, and under such circumstances it will be upheld if it does not conflict with some provision of the Constitution of Indiana.

Appellant has failed to discharge his burden of showing wherein the Library Law of 1947, as amended, is unconstitutional. The decision of the trial court is not contrary to law, and the judgment must be affirmed.

Judgment affirmed.

Jackson, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 55.